UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 24-58283-JRS |
| | ) | |
| **CIARRAH GENETTE HARRINGTON**, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

**MOTION FOR AN ORDER
APPROVING (I) COMPROMISE AND SETTLEMENT OF
PERSONAL INJURY CLAIM, (II) COMPENSATION FOR SPECIALCOUNSEL,
AND (III) DISBURSEMENT OF CERTAIN PROCEEDS**

COMES NOW, Jason L. Pettie, as the duly acting and authorized Chapter 7 Trustee for the bankruptcy estate of Ciarrah Genette Harrington (the "**Estate**"), and moves this Court for an order authorizing him to compromise and settle certain personal injury claims pursuant to Bankruptcy Rule 9019, and respectfully shows the Court the following:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Determination of this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).  The statutory predicate for the actions contemplated herein is Federal Rule of Bankruptcy Procedure 9019.

{03148838-1 }

## BACKGROUND

1.      Ciarrah Genette Harrington (the "**Debtor**") filed a voluntary petition under Chapter 7 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. as amended (the "**Bankruptcy Code**") on August 8, 2024 (the "**Petition Date**"), initiating bankruptcy case number 22-56750-JWC (the "**Bankruptcy Case**").

2.      Jason L. Pettie ("**Trustee**") was appointed to the Bankruptcy Case as the interim Chapter 7 trustee pursuant to section 701 of the Bankruptcy Code.  The § 341 meeting of creditors was held and concluded on September 10, 2024, at which time Trustee became the permanent Chapter 7 trustee pursuant to section 702(d) of the Bankruptcy Code.

3.      Prior to the Petition Date, the Debtor had an interest in an employment claim from a previous job.  On the Petition Date, the Debtor filed under penalty of perjury her *Schedule A/B: Property* in which she scheduled a "Potential Sexual Harrassment Claim" with a value of $0.00 (the "**Claim**").

4.      After Trustee inquired further about the Claim, on February 3, 2025, the Debtor filed an amendment to her *Schedule A/B: Property* and *Schedule C: The Property You Claim as Exempt* [Doc. No. 13], in which the Debtor listed the Claim with an "Unknown" value, and the Debtor also scheduled a "Potential claim regarding back overtime with former employer" (the "**FLSA Claim**") and a "Possible FMLA, ABA claim").

5.      Trustee filed an application to employ Taylor English Duma LLP n/k/a

Taylor Duma LLP ("**TD**") as his attorneys on March 10, 2025 [Doc. No. 19], and the Court

entered an Order approving TD's employment on March 11, 2025 [Doc. No. 21].

6.      Trustee filed an application for special counsel to represent the Estate in

prosecuting the FLSA Claim, and the Court entered its order retroactively approving the

employment of DeLong, Caldwell, Bridgers, Fitzpatrick & Benjamin, LLC("**Special**

**Counsel**") on March 11, 2025 [Doc. No. 22].

7.      Special Counsel has been working to resolve the FLSA Claim, and as a result

of Special Counsel's efforts, Trustee has received an offer to settle the Injury Claim for a

gross sum of $73,000.00.  A copy of the Settlement, Release, and Waiver of FLSA Claims

(the "Settlement") is attached hereto as Exhibit "A" and incorporated herein by reference.

After conferring with Special Counsel, Trustee wishes to accept the proposed Settlement.

8.      The standard for approving or disapproving a compromise and settlement is

found in the factors set forth in Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II), 898

F2d 1544, 1549 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990). Justice Oaks requires

that the Court consider (1) the probability of success in the litigation; (2) the difficulties, if

any, to be encountered in the matter of collection; (3) the complexity of the litigation

involved, as well as the expense, inconvenience, and delay; and (4) a deference to the

reasonable views of creditors.

9.      Trustee submits that the proposed settlement offers the best outcome for the

Estate, because, upon reviewing the Debtor's medical bills, Special Counsel believes that

continued litigation would not likely result in any meaningful increase in proceeds for the

Estate.

{03148838-1 }

10.     By this motion, Trustee also seeks approval to make a distribution to the Special Counsel for certain fees and expenses.  Trustee requests approval to pay Special Counsel compensation in the amount of $19,845.00. Special Counsel has also requested reimbursement for actual expenses incurred in the amount of $655.00 as set forth below:

| Court filing fees | 400.00 |
| Legal service of process expenses | 255.00 |
| **TOTAL** | **$655.00** |

11.     There are no recorded liens against the Estate's interest in the FLSA Claim.

12.     Finally, Trustee requests approval to pay the Debtor $10,760.00 for an available wildcard exemption pursuant to O.C.G.A. § 44-13-100(a)(6), and the Debtor understands, as set forth on Exhibit "A", that these funds shall be subject to withholding taxes and reported on an IRS Form W-2.

13.     After making the payments referenced herein, Trustee expects to have $41,740.00 remaining to make a distribution in this case.

14.     The total amount for unsecured claims filed in this case is currently $26,406.94[1].  Accordingly, Trustee anticipates that the proposed Settlement could result in a substantial distribution to creditors and potentially a surplus.

WHEREFORE, the Trustee prays that the Court enter an Order (i) authorizing the compromise and settlement as set forth herein, (ii) authorizing Trustee to enter into the

---

[1] The Court filed a *Notice Setting Deadline for Filing Proofs of Claim* [DN 17] on March 7, 2025, establishing a deadline of June 5, 2025.

{03148838-1 }

proposed settlement agreement and all other documents necessary to effectuate the settlement; and, (iii) approving the compensation and other disbursements requested herein, and (iv) granting such other and further relief as may be just and proper.

TAYLOR DUMA LLP
*Attorneys for Trustee*

By: */s/ Jason L. Pettie*
    Jason L. Pettie,
    Georgia Bar # 574783
1600 Parkwood Circle, Suite 2100
Atlanta, Geogia 30339
(770) 434-6868
jpettie@taylorduma.com

{03148838-1 }

# EXHIBIT "A" FOLLOWS

{03148838-1 }

Docusign Envelope ID: D58A940C-DC79-44A7-BE11-A3D5F19ACB1A

## SETTLEMENT, RELEASE, AND WAIVER OF FLSA CLAIMS

**FOR AND IN CONSIDERATION** of the mutual promises, covenants, and agreements made herein by Ciarrah Harrington, through the undersigned Jason L. Pettie, as duly appointed and acting Chapter 7 trustee in the bankruptcy case filed August 8, 2024 [Case No. 24-58283-JRS] ("**Ms. Harrington**"), Mercedes-Benz USA, LLC ("**MBUSA**"), and Randstad US, LLC ("**Randstad**") (MBUSA and Randstad, collectively, "**Defendants**") (Ms. Harrington and Defendants collectively, the "**Parties**"), the Parties hereto do settle, waive, release, and agree to discharge all claims, controversies, demands, actions or causes of action which were raised in or which could have been raised in the lawsuit <u>Ciarrah Harrington v. Randstad North America, Inc. and Mercedes-Benz USA, LLC</u>, Civ. No. 1:24-cv-04810-SDG, currently pending in the United States District Court for the Northern District of Georgia, Atlanta Division (the "**Litigation**"), as follows:

1.      **Effective Date.** The Parties agree that this Settlement, Release, and Waiver of Claims Agreement ("**Agreement**"), shall be effective and enforceable upon execution by all Parties hereto and approval by the Court ("**Effective Date**").

2.      **Court Approval of this Agreement.** The Parties agree that this Agreement must be approved by the United States District Court for the Northern District of Georgia, Atlanta Division (the "**Court**") and by the United States Bankruptcy Court for the Northern District of Georgia. Accordingly, the Parties agree to jointly move the Court to approve this Agreement. The Parties further agree that this Agreement is null and void if it is not approved by the Court. However, in the event the Court does not approve the Agreement, the Parties agree to work together in good faith to structure a settlement that will meet Court approval.

3.      **Consideration.** For and in consideration of the promises, recitals, releases, waivers, terms, and conditions set forth in this Agreement, including but not limited to Ms. Harrington's execution of an original of this Agreement, Defendants do hereby agree to pay and to provide the total gross settlement amount of Seventy-Three Thousand Dollars and Zero Cents ($73,000.00) (the "**Settlement Payment**"), as follows:

a.   MBUSA shall pay the Chapter 7 trustee for Ms. Harrington's pending bankruptcy case in the U.S. Bankruptcy Court, Northern District of Georgia [Case No. 24-58283] (the "**Bankruptcy Case**"), payable to "Jason L. Pettie, as Trustee for Ciarrah Harrington" (the "**Trustee**"), the gross amount of Thirty-Six Thousand Five Hundred Dollars ($36,500.00), inclusive of attorneys fees and costs, within twenty-one (21) days of the Effective Date, which shall be subject to an IRS Form 1099-MISC.

b.   Randstad shall pay the Trustee the gross amount of Twenty Five Thousand Seven Hundred Forty Dollars ($25,740.00) inclusive of attorneys fees and costs, within twenty-one (21) days of the Effective Date, which shall be subject to an IRS Form 1099-MISC.

c.   Randstad shall pay Ms. Harrington the gross amount of Ten Thousand Seven Hundred Sixty Dollars ($10,760.00), less applicable statutory tax withholdings or other deductions as required by law on account and in satisfaction of alleged unpaid wages sought by Ms. Harrington in the Litigation within twenty-one (21) days of the Effective Date, which shall be subject to an IRS Form W-2. The payment to Ms. Harrington in the gross amount of $10,760 shall be for Ms. Harrington's available statutory exemption in the Bankruptcy Case pursuant to O.C.G.A. § 44-13-100(a)(6).

Docusign Envelope ID: D58A940C-DC79-44A7-BE11-A3D5F19ACB1A

The remedy for the failure of any Defendant to make the above payments shall be solely against the party who failed to make the scheduled payment. In the event a Defendant has timely paid its allocation of the Settlement Payment and is required to assume legal fees, expenses, or liabilities arising from the other Defendant's failure to timely pay its allocation of the Settlement Payment, the non-paying Defendant shall indemnify the paying Defendant for any legal fees, expenses, or liabilities the paying Defendant assumes.

On or before the Effective Date, the Trustee shall provide Defendants with a completed IRS Form W-9, and Ms. Harrington shall provide to Randstad a completed IRS Form W-2. Ms. Harrington shall be solely responsible for any tax liability, penalties, and interest arising from the allocation of the Settlement Payment, including any taxes, penalties, and interest related to the taxable wage income paid to Ms. Harrington, but not including required employer payroll tax contributions. Ms. Harrington understands and agrees that she has not relied on any express or implied representations by Defendants concerning the tax implications of the Settlement Payment. Defendants will not consider the Settlement Payment other than the amount paid directly to Ms. Harrington to be wages for purposes of calculating, or recalculating, benefits provided by, or to, Ms. Harrington and her beneficiaries under the terms or conditions of any benefit plan maintained by Defendants for the benefit of their employees and their beneficiaries.

Ms. Harrington specifically acknowledges that she would not otherwise be entitled to the consideration set forth in this paragraph were it not for the covenants, promises, and releases set forth hereunder.

4.      **Amounts Owing.** Ms. Harrington acknowledges and agrees that once she receives the Settlement Payment, Defendants will have compensated her for all hours that she contends to have worked and that she will have received all wages and compensation, including overtime premium wages, to which she contends she is entitled the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and any other federal, state, or local law regarding the payment of wages.

5.      **Release of Wage-Based Claims.** Ms. Harrington releases and forever discharges, and agrees to hold harmless Defendants and their direct and indirect parents, subsidiaries, and affiliates, associated or controlled companies, their successors, predecessors, and assigns, and all past and present officers, directors, agents, partners, owners, members, representatives, employees, insurers and reinsurers, attorneys, and employees thereof (collectively, the "**Releasees**"), from any and all wage and hour related claims, causes of action, demands, suits, contracts, agreements, liens, judgments, debts, obligations, damages, or liability that were raised or could have been raised in the Litigation, whether known or unknown, including but not limited to those claims, causes of actions, demands, debts, obligations, damages, or liability allegedly arising under the FLSA and all other claims relating to payment of wages, compensation, and/or minimum wage and overtime premiums (not including any claims arising under the Family & Medical Leave Act or any discrimination claims currently pending before the Equal Employment Opportunity Commission that may demand payment of lost wages).

6.      **Attorneys' Fees Release.** Except as provided herein, Ms. Harrington specifically understands and agrees that she will be responsible for all fees and costs owed to her attorney(s) or legal advisor(s) or to anyone else engaged by her for any reason related to this Litigation. Attorneys' fees and costs, which Defendants do not dispute the reasonability thereof, are Twenty Thousand Five Hundred Dollars ($20,500). Said Attorneys' fees and costs shall be paid as set out below to Jason L. Pettie, as Trustee

Initial
*JPa↑*
Initials

2 of 5

Initials
DS
*μι*
Initials

Docusign Envelope ID: D58A940C-DC79-44A7-BE11-A3D5F19ACB1A

for Ciarrah Harrington, for final determination, approval, and distribution by the Bankruptcy Court. Ms. Harrington further unconditionally releases and discharges the Releasees from any claim for attorneys' fees and costs incurred by or for Ms. Harrington or on Ms. Harrington's behalf, in connection with the Litigation.

7. **Voluntary Dismissal.** The Parties agree to request that the Court direct the Clerk of Court to dismiss this Litigation with prejudice upon approval of this Agreement. If the Clerk of Court does not do so within five (5) days of the Court's approval of this Agreement, the Parties covenant and agree to execute or cause to be executed on their behalf by their respective counsel a Joint Stipulation of Voluntary Dismissal with Prejudice in the Litigation.

8. **Compromise.** The Parties agree that this Agreement and the aforementioned consideration are a complete compromise and settlement of all threatened claims between them, including disputed issues of law and fact. The Parties agree that neither this Agreement nor the aforementioned consideration is evidence of, and shall not be construed as, an admission of liability or wrongdoing on the part of Defendants. Ms. Harrington understands and agrees that Defendants specifically deny liability and state that payment of the aforementioned consideration is made to settle disputed, denied, and contested claims. Ms. Harrington further understands and agrees that Defendants have entered into this Agreement solely to avoid the additional expenses and additional costs of threatened litigation and do not admit to any wrongdoing or violation of the law with respect to Ms. Harrington or anyone else.

9. **Mutual Non-Disparagement.**

   a. **By Ms. Harrington.** Ms. Harrington agrees and promises that she will not undertake any harassing or disparaging conduct directed at the Releasees, that she will refrain from making any negative, detracting, derogatory, and unfavorable statements concerning the Releasees, and that she will not induce or incite any other claims against the Releasees by any other person. This Paragraph is not intended to prevent Ms. Harrington from providing truthful information or testimony in connection with a pending legal proceeding or from exercising any other rights protected by law, including the right to communicate with former coworkers and/or third parties about terms and conditions of employment or labor disputes, unrelated to the amount of the Settlement Payment under this Agreement, when the communication is not so disloyal, reckless, or maliciously untrue as to lose the protection of the law.

   b. **By MBUSA.** MBUSA will instruct Achsa Davis, and Jigar Raval not to undertake any harassing or disparaging conduct directed at Ms. Harrington, make any negative, detracting, derogatory, and unfavorable statements concerning Ms. Harrington, and induce or incite any other claims against Ms. Harrington by any other person, while those individuals are employed by MBUSA. This Paragraph is not intended to prevent anyone from providing truthful information or testimony in connection with a pending legal proceeding. A failure by the above individuals to comply shall be deemed a failure of MBUSA.

   c. **By Randstad.** Randstad will instruct Teressa Reese, Traci Boyce, and Dannie Perry not to undertake any harassing or disparaging conduct directed at Ms. Harrington, make any negative, detracting, derogatory, and unfavorable statements concerning Ms. Harrington, and induce or incite any other claims against Ms. Harrington by any other person, while those individuals are employed by Randstad. This Paragraph is not



Initial
*JPat*
Initials

3 of 5



Initials
DS
*IM*
Initials

ID: D58A940C-DC79-44A7-BE11-A3D5F19ACB1A

intended to prevent anyone from providing truthful information or testimony in connection with a pending legal proceeding. A failure by the above individuals to comply shall be deemed a failure of Randstad.

10. **Adequate Consideration.** Both Ms. Harrington and Defendants acknowledge that the consideration provided by each to the other is adequate and that this is a legally binding document with which all Parties will faithfully comply.

11. **Binding Nature.** This Agreement, and all the terms and provisions contained herein, shall bind the heirs, personal representatives, successors and assigns of each party, and inure to the benefit of each party, its agents, directors, officers, employees, servants, successors, and assigns.

12. **Construction.** The Parties shall not construe ambiguities in this Agreement against the drafter.

13. **Severability.** This Agreement is contingent upon approval by the Court and shall be null and void if it is not approved by the Court. However, in the event the Court does not approve the Agreement, the Parties agree to work together in good faith to structure a settlement that will meet Court approval

14. **Compliance with Terms.** The failure to insist upon compliance with any term, covenant, or condition contained in this Agreement shall not be deemed a waiver of that term, covenant, or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

15. **Governing Law and Jurisdiction.** This Agreement shall be interpreted under the laws of the State of Georgia, both as to interpretation and performance.

16. **Remedies.** It is understood and agreed that the Parties expressly rely upon the promises, representations, and warranties made herein; that any breach of such promises, representations, and warranties would constitute a material breach of this Agreement; and that in the event of any such breach, the prevailing party will be entitled to any and all relief and damages available at law or in equity, including but not limited to attorneys' fees and expenses.

17. **Section Headings.** The section and paragraph headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

18. **Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original, all of which together shall constitute one and the same instrument. The Parties agree that e-signatures, signed facsimiles and .pdf copies have the same force and effect as originals.

19. **Entire Understanding.** This Agreement embodies the entire agreement of all the Parties hereto who have executed it and supersedes any and all other agreements, understandings, negotiations, or discussions, either oral or in writing, express or implied, between the Parties to this Agreement related to the subject matter herein. The Parties to this Agreement each acknowledge that no representations, inducements, promises, agreements, or warranties, oral or otherwise, have been made by them, or anyone acting on their behalf, which are not embodied in this Agreement; that they have not executed this Agreement in reliance on any representation, inducement, promise, agreement, warranty, fact or

Initial

*JPat*
Initials

4 of 5

*4EK*
Initials

*UM*
Initials

Docusign Envelope ID: D58A940C-DC79-44A7-BE11-A3D5F19ACB1A

circumstances, not expressly set forth in this Agreement; and that no representation, inducement, promise, agreement or warranty not contained in this Agreement, including, but not limited to, any other purported settlements, modifications, waivers or terminations of this Agreement, shall be valid or binding, unless executed in writing by all of the Parties to this Agreement.  This Agreement may be amended, and any provision herein waived, but only in writing, signed by the Party against whom such an amendment or waiver is sought to be enforced.

**The Undersigned declares that he has carefully read this Agreement, consulted an attorney, understands this Agreement, and executes this Agreement knowingly and voluntarily and without intimidation, coercion, or pressure.**

IN WITNESS WHEREOF, the Parties have executed this Agreement on the respective dates set forth below.

*[THIS SPACE INTENTIONALLY LEFT BLANK*
*SIGNATURES ON FOLLOWING PAGE]*

JASON L. PETTIE,
as Trustee for Ciarrah Harrington

*Jason Pettie, as and only as Trustee*

Date: 1/6/2026

MERCEDES-BENZ USA, LLC

By: *Lars Minns*
Name: Lars Minns
Title: Chief HR Officer

Date: 1/5/2026

RANDSTAD US, LLC

By: *Jamie Kitces*
Name: Jamie Kitces
Title: Sr. Associate General Counsel & AVP

Date: 1/7/26

Initials: JPaT

5 of 5

Initials: LM

**CERTIFICATE OF SERVICE**

This is to certify that I caused to be served a copy of the foregoing pleading by filing a copy with the Clerk of Court and causing a copy to be served on all parties receiving notice via the CM/ECF system who have filed a notice of appearance in this matter, and by depositing same in the United States Mail, postage prepaid, addressed to the below:

Office of the United States Trustee
362 Richard B. Russell Bldg.
75 Ted Turner Drive
Atlanta, GA  30303

Danielle J. Eliot
Law Office of Danielle J Eliot, PC
Ste 420
1001 Weatherstone Pkwy
Woodstock, GA 30188

Ciarrah Genette Harrington
931 Monroe Dr
Atlanta, GA 30308

This 20th day of March 2026.

/s/ Jason L. Pettie
Jason L. Pettie,
Georgia Bar # 574783

{03148838-1 }